# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3377

_____

Gyminson Manrique Nicholas;            *
Claudia Consuelo Blanco De Nicholas,   *
                                       *
              Petitioners,             *     On Petition for Review of an
                                       *     Order of the Board of
       v.                              *     Immigration Appeals.
                                       *
Alberto Gonzales,                      *          [UNPUBLISHED]
                                       *
              Respondent.              *

_____

Submitted: June 15, 2007
Filed: August 2, 2007

_____

Before MURPHY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Gyminson Manrique Nicholas petitions this Court for review of the decision of the Board of Immigration Appeals (BIA) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] We deny the petition.

_____

[1]Claudia Consuelo Blanco De Nicholas was included in her husband's application as a derivative beneficiary.

Nicholas contends that he is eligible for asylum because he has suffered past persecution on account of a protected asylum ground. See 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 1208.13(a)–(b)(1). At his removal hearing, Nicholas testified that in 1996, guerillas attacked him while he was in Rio Vanco Dianea, Guatemala. Nicholas believed that the attack was motivated by his association with an individual who had acted as a double agent for the guerillas and the Guatemalan government. Nicholas testified that the guerillas continued to threaten him throughout 1997 and 1998 with telephone calls to his family's home in Guatemala City.

In June 1997, Nicholas temporarily relocated to Quiche, Guatemala, where he remained until March 1998. In his asylum application, Nicholas stated that while in Quiche, he "had a job . . . made good money and obtained property . . . had a good life economically . . . [and] began to feel as though [he] was safe." App. at 13. At the hearing, Nicholas was asked, "[D]id you feel safe in Quiche?" Nicholas responded, "[D]uring the time that I was there, yes, I felt well in Quiche." Admin. R. at 128. Nicholas returned to Guatemala City in March 1998 and came to the United States in February 1999. Nicholas testified that the guerillas have continued to communicate threats concerning him to his family in Guatemala City.

Nicholas raises one issue on appeal—whether the BIA erred in adopting the Immigration Judge's (IJ) determination that internal relocation within Guatemala was reasonable and therefore Nicholas should not be granted asylum or withholding of removal. In its opinion, the BIA agreed with the IJ that even assuming Nicholas was credible and had established past persecution on account of a protected asylum ground, he was not entitled to relief because he could reasonably relocate to Quiche. The BIA cited Nicholas's testimony and application statement that he had lived and worked in Quiche without incident, had enjoyed a good economic life there, and had felt safe in Quiche as evidence that he could reasonably relocate to Quiche. The BIA also noted as support for its decision that there was no indication that guerillas had ever sought Nicholas in Quiche.

We review the BIA's determination of an alien's eligibility for asylum or withholding of removal for substantial evidence.  See Krasnopivtsev v. Ashcroft, 382 F.3d 832, 837 (8th Cir. 2004).  When the BIA adopts the IJ's decision and adds its own reasoning, we review both decisions together.  See Lengkong v. Gonzales, 478 F.3d 859, 862 (8th Cir. 2007).

If an applicant has established past persecution, the agency may deny his application for asylum if the government proves by a preponderance of the evidence that "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . . and under all the circumstances, it would be reasonable to expect the applicant to do so."  8 C.F.R. § 1208.13(b)(1)(i)(B)–(ii) (asylum); see id. § 1208.16(b)(1)(i)(B)–(ii) (withholding of removal).[2]  In evaluating the reasonableness of internal relocation, the BIA should consider "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties."  8 C.F.R. §§ 1208.13(b)(3), 1208.16(b)(3).  These factors "may or may not be relevant," however, "and are not necessarily determinative of whether it would be reasonable for the applicant to relocate."  Id. §§ 1208.13(b)(3), 1208.16(b)(3).

We hold that the BIA's determination that Nicholas could reasonably relocate internally is supported by substantial evidence.  The factors that the BIA relied upon in support of its decision are proper considerations according to the immigration regulations, and the BIA's determination is supported by the evidence in the record. Notably, Nicholas lived and worked in Quiche without incident and testified that he felt safe while in Quiche.  These facts indicate that Nicholas would not face serious

[2]Nicholas argues that the IJ failed to assign the burden of proving the reasonableness of relocation to the government.  The BIA's decision, however, expressly allocated this burden to the government.

harm in the suggested place of relocation. Cf. Melecio-Saquil v. Ashcroft, 337 F.3d 983, 988 (8th Cir. 2003) (stating in dictum that asylum application was properly denied where applicant relocated in Guatemala following guerillas' threats and lived without incident for four years). Moreover, Nicholas stated that he enjoyed economic success in Quiche, which indicates that relocation to Quiche is economically feasible.

Nicholas does not point to any evidence in the record that would undermine the BIA's determination that relocation to Quiche is reasonable. Rather, Nicholas contends that the IJ should have considered every factor listed in the regulations. Each factor need not be considered, however, as the regulations explicitly provide that a factor may or may not be relevant depending on the circumstances of the case. 8 C.F.R. §§ 1208.13(b)(3), 1208.16(b)(3). Therefore, Nicholas's argument is without merit.

Because Nicholas alleged the same factual basis for all his claims, the conclusions that support the denial of his asylum and withholding-of-removal claims also support the denial of his CAT claim. See Ming Ming Wijono v. Gonzales, 439 F.3d 868, 874 (8th Cir. 2006).

For these reasons, the petition for review is denied.

_____